UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bramby A. Tollen,<br><br>    Plaintiff<br><br>v.<br><br>Clark County Association of School Administration and Professional Employees,<br><br>    Defendant | 2:15-cv-01096-JAD-NJK<br><br>**Order Granting in Part and Denying in Part Motion for Summary Judgment, Dismissing Remaining Claims without Prejudice, and Closing Case**<br><br>[ECF No. 14] |

Former Clark County School District ("CCSD") Administrator Bramby Tollen sues her former union, the Clark County Association of School Administration and Professional Employees, for breach of the duty of fair representation and related claims to redress her allegedly discriminatory reassignment, discharge, and ultimate loss of separation benefits.[1] The Union moves for summary judgment, arguing that Tollen's claims fail as a matter of law or are factually unsupported.[2] I find that the Union is entitled to summary judgment on Tollen's federal-law claims, so I grant in part and deny in part its motion, and enter judgment for the Union and against Tollen on these claims. Having dismissed the claims over which I have original jurisdiction, I decline to continue to exercise supplemental jurisdiction over Tollen's remaining state-law claims, so I dismiss those claims without prejudice and direct the Clerk of Court to close this case.[3]

**Background**

**A.    Tollen is reassigned by the CCSD, requests FMLA leave, and begins work in another state while on sick leave.**

Tollen had been employed as a director of purchasing in warehousing with the CCSD for approximately 14 years when she was reassigned to a supervisory position in the CCSD's human

---

[1] ECF No. 1.

[2] ECF No. 14.

[3] I find this motion suitable for disposition without oral argument. L.R. 78-2.

resources department in spring of 2014.[4] School administrators told Tollen that she was being reassigned "because there was a reorganization in purchasing."[5] Though Tollen's pay was not reduced as a result of the transfer and both positions were classified as "Director III" positions,[6] Tollen testified at her deposition that she was "not happy" about her reassignment.[7] Nonetheless, Tollen immediately reported for her new position, and she signed a formal notice of intent to accept re-employment with the CCSD one month later on May 1, 2014.[8] Three days later, Tollen flew to interview for her current job as a purchasing manager for the Snohomish County School District in Washington State.[9] She was offered the job with Snohomish County on May 9, 2014, and she signed a 13-month lease for an apartment there beginning in early June of 2014.[10]

Almost three weeks after she was offered the Snohomish County job, on May 29, 2014, Tollen applied for leave under the Family Medical Leave Act through the CCSD, claiming that she was unable to work due to anxiety and medical issues.[11] Tollen's medical support for her FMLA request stated that her condition began on May 15, 2014—six days after she was offered the Snohomish County position—and that she was unable to perform any essential job functions for an anticipated period of three months.[12] The CCSD promptly approved Tollen's request for FMLA leave for the period of May 15, 2014, to August 8, 2014.[13] The written approval required Tollen to

---

[4] ECF No. 14-1 at 23.

[5] *Id.*

[6] *Id.*; ECF No. 14-1 at 105.

[7] ECF No. 14-1 at 24.

[8] *Id.* at 25.

[9] *Id.* at 32, 174.

[10] *Id.* at 42. It is unclear when Tollen accepted the Snohomish County position.

[11] *Id.* at 115.

[12] *Id.* at 116–17.

[13] *Id.* at 124.

submit "written reports every 30 days of [her] status and intent to return to work"[14] and explicitly warned Tollen that, if it was later discovered that she was ineligible for the approved leave, the approval could "be cancelled with reasonable notice."[15]

While on FMLA leave, on June 6, 2014, Tollen submitted a workplace-discrimination complaint to Cedric Cole, the Executive Manager of the CCSD's diversity and affirmative-action programs.[16] Tollen claimed that she was being bullied and harassed for answers she provided to a school board trustee when asked about insurance issues nine months earlier—an action she characterized as "whistleblowing."[17] In a letter dated June 20, 2014, Cole explained to Tollen that he had investigated her bullying/harassment complaint and concluded that her allegations did not rise to the level needed to be considered a workplace-discrimination issue and that he could not discern any discriminatory basis for her transfer.[18] During her deposition, Tollen testified that she relocated to Washington, moved into her apartment, and began work at her new position all on June 13, 2014—while her discrimination complaint was still pending.[19]

**B.    Tollen receives notice of disciplinary charges and resigns from the CCSD.**

On August 28, 2014, Tollen received a notice of possible disciplinary action from the CCSD, charging her with being dishonest and misusing sick leave and scheduling an investigatory conference for September 2nd.[20] Tollen—who was now residing in Washington State—contacted Bill Garris, the Deputy Executive Director of the Union to discuss her options. According to Tollen, Garris agreed to meet with the CCSD on her behalf and advised that, if she resigned, the "situation

---

[14] *Id.* at 125.

[15] *Id.*

[16] *Id.* at 40.

[17] *Id.* at 162–63.

[18] *Id.* at 159–60.

[19] *Id.* at 41.

[20] *Id.* at 202.

would end and it would be the best resolution."[21]  Garris then contacted Stacy Vesneke, the Chief Human Resources Officer for the CCSD and confirmed that, if Tollen resigned, the investigatory hearing would be vacated and no disciplinary action would be taken.[22]  On September 2, 2014, Vesneke received Tollen's signed resignation form via Garris, effective August 29th.[23]  The next day, Vesneke notified Tollen that the CCSD had accepted her resignation and stated that, because of her purported full-time employment with Snohomish County, the district would be reviewing Tollen's use of sick leave.[24]

In a letter dated September 11, 2014, Vesneke notified Tollen that the CCSD had determined her use of sick leave was improper due to her concurrent full-time employment with Snohomish County, that her actions were not consistent with the Union's collective-bargaining agreement (CBA) for sick usage, and that, as a result, the district had applied her other available paid-leave balances for her absences from May 15th–August 8th.[25]  The letter also indicated that the CCSD was offsetting this sick pay from Tollen's final payout, resulting in a total payout of $9,088.44.[26]

**C.    Tollen demands that the Union defend her for "whistleblowing"; the Union refuses, and Tollen files a complaint with the Nevada Emloyee-Management Relations Board.**

In a letter also dated September 11, 2014, Tollen's counsel demanded that the Union "investigate and defend Tollen pursuant to policy protecting whistleblowers and whistleblowing activities."[27]  Union Executive Director Stephen Augspurger concluded that Tollen's demands were

---

[21] *Id.* at 132.

[22] *Id.* at 204.

[23] *Id.* at 204, 207.

[24] ECF No. 14-2 at 61.

[25] *Id.* at 63.

[26] *Id.*

[27] *Id.* at 66.

not covered under the CBA and declined to take further action.[28] Four months later, Tollen filed a claim of breach of the duty of fair representation against the Union with the State of Nevada, Local Government Employee-Management Relations Board ("EMRB"). Following a two-day evidentiary hearing, the EMRB issued an order in the Union's favor and against Tollen.[29]

**D.     Tollen files this lawsuit**.

While her complaint in front of the EMRB was still pending, Tollen filed this lawsuit against the Union. Tollen asserts claims for discrimination based on sex and religion under Title VII, age discrimination under the ADEA, wrongful termination under the ADA, breach of contract, and breach of the duty of fair representation.[30]

The Union moves for summary judgment, arguing that all of Tollen's claims either fail as a matter of law or are factually unsupported.[31] In her five-page, counseled opposition to the Union's summary-judgment challenge, Tollen conclusorily argues—with only one general citation to her attached declaration—that she "has set forth disputed facts in contest to the facts proposed by [the Union] as undisputed facts in support of its Motion for Summary Judgment," and therefore summary judgment is inappropriate. Alternatively, Tollen requests a summary-judgment delay under Federal Rule of Civil Procedure 56(d).[32]

Shortly after briefing on the Union's summary-judgment motion was completed, Tollen's counsel withdrew.[33] Since that time, she has represented herself pro se. Discovery closed on February 17, 2016;[34] Tollen moved to reopen discovery three months later, and the magistrate judge

---

[28] ECF No. 14-1 at 199.

[29] ECF No. 39-1.

[30] ECF No. 1.

[31] ECF No. 14 at 10.

[32] ECF No. 17.

[33] ECF No. 29.

[34] ECF No. 10.

denied her request.[35]

**Discussion**

**A.     Summary-judgment standards**

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[36] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[37] If reasonable minds could differ on the material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[38]

If the moving party satisfies FRCP 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[39] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[40]

---

[35] ECF No. 36.

[36] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[37] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[38] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[39] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson,* 477 U.S. at 248–49.

[40] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

### B. Tollen is not entitled to a summary-judgment delay under FRCP 56(d) to conduct additional discovery.

Rule 56(d) provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence."[41] To prevail on a Rule 56(d) request, the movant must show: "(1) that [she has] set forth in affidavit form the specific facts that [she] [hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion."[42] A Rule 56(d) motion "may be denied where the movant has been dilatory, or where the movant seeks irrelevant, speculative, or cumulative information."[43]

Tollen argues that additional discovery is needed because, at the time of the Union's pre-discovery cut-off summary-judgment motion, the deposition transcripts for Augspurger were not yet finalized and she had two additional depositions to take.[44] Nowhere in Tollen's motion or supporting declaration does she identify the specific facts she hopes to elicit from these depositions, show that these facts exist, or explain why these facts are essential for her to resist summary judgment. Because Tollen fails to make the required showing under Rule 56(d) and the magistrate judge has since denied her request to reopen discovery,[45] her request for a delay of summary judgment is denied, and I consider the Union's motion on its merits.

---

[41] *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002).

[42] *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008); *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

[43] *Slama v. City of Madera,* 2012 WL 1067198, *2 (E.D. Cal. March 28, 2012) (internal citations omitted); *See California Union Ins. Co. v. Am.*, 914 F.2d 1271, 1278 (9th Cir. 1990) (stating that under former Rule 56(f) a district court may deny a request for further discovery if the movant has failed to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment).

[44] ECF No. 17-3. Another basis Tollen offers for a continuance is that her case in front of the Nevada EMRB was still pending, but that complaint has since been resolved in the Union's favor and does not warrant a continuance. *See* ECF No. 39-1.

[45] ECF No. 36.

**C.     Defendants are entitled to summary judgment on Tollen's federal-law claims.**

Tollen asserts three federal claims: discrimination based on sex and religion under Title VII, Age discrimination under the ADEA, and wrongful termination under the ADA. I find that these claims fail as a matter of law, leaving no genuine issue of material fact for trial.

*1.     Tollen's Title VII claim fails as a matter of law.*

Tollen alleges that the Union discriminated against her because of her sex and religion in violation of Title VII.[46] To prevail on a Title VII discrimination claim for disparate treatment, a plaintiff must establish a prima facie case by presenting evidence that "gives rise to an inference of unlawful discrimination."[47] If the plaintiff establishes a prima facie case, "the burden of production, but not persuasion, then shifts to the [defendant] to articulate some legitimate, nondiscriminatory reason for the challenged action."[48] Defendants argue that there is no evidence that the Union discriminated against Tollen because of her sex or religion. In her thin response, Tollen offers no points, authorities, or facts to support her Title VII claim. This comes as no surprise considering that, in her complaint, Tollen alleges zero facts to support her Title VII claim, nor does she plausibly link any allegedly discriminatory acts by the Union to her sex or religion. The record before me is also devoid of any admissible evidence showing a discriminatory motive on the part of the Union. For example, Tollen does not allege or offer evidence to show that the Union treated similarly situated males or people practicing other religions more favorably. Accordingly, Tollen's Title VII claim fails as a matter of law, and the Union is entitled to summary judgment on this claim..

*2.     The Union is entitled to summary judgment on Tollen's ADEA claim.*

Next, Tollen alleges that the Union discriminated against her in violation of the ADEA. To state a prima facie case for age discrimination under the ADEA, a plaintiff must plausibly allege that she was "(1) at least forty years old, (2) performing [her] job satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged

---

[46] *Id.* at 6–7.

[47] *Cordova v. State Farm Ins. Co.*, 124 F.3d 1145, 3148 (9th Cir. 1997).

[48] *Hawn v. Executive Mgmt, Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010).

under circumstances otherwise giving rise to an inference of age discrimination."[49] Defendants argue that Tollen's ADEA claim fails because it is alleged against the CCSD and not the Union and is factually unsupported.[50] Tollen offers no points or authorities in opposition.

Tollen alleges that she was at least 40 years old during the relevant time period, but she does not allege or offer any evidence to show that she was replaced by a younger employee or under circumstances otherwise giving rise to an inference of age discrimination. This claim fails for the additional reason that the undisputed evidence shows that Tollen voluntarily resigned;[51] even if she were discharged, that action is not attributable to the Union because there is no evidence that the Union had authority to make personnel decisions. The Union is therefore entitled to summary judgment on Tollen's ADEA claim.

### 3. The Union is also entitled to summary judgment on Tollen's ADA claim.

In her third and final federal claim, Tollen alleges that the Union unlawfully terminated her in violation of the ADA. To establish a prima facie case of discrimination under the ADA, the plaintiff must show that she "(1) is disabled, (2) is qualified, and (3) suffered an adverse employment action because of her disability."[52] The Union argues that Tollen's wrongful-termination claim fails because it was not her employer;[53] Tollen again fails to offer any meaningful response.[54]

Tollen does not allege or offer any evidence to show that the Union discriminated against her because of her disability. She does not identify her disability in her complaint, let alone cite to any admissible evidence to show that she was disabled within the meaning of the ADA during the relevant time frame. Even if she had been, Tollen does not show that she was qualified, i.e. that she was able to perform the essential functions of her job with or without reasonable accommodation.

---

[49] *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207–08 (9th Cir. 2008).

[50] ECF No. 14 at 20.

[51] ECF No. 14-1 at 207 (Tollen's handwritten and signed resignation form dated August 29, 2014).

[52] *See Snead v. Metro Prop. & Cas. Ins.*, 237 F.3d 1080, 1087 (9th Cir. 2001).

[53] ECF No. 14 at 22.

[54] See ECF No. 17.

Indeed, her FMLA leave request form indicates that she was completely unable to perform any job functions.[55] Finally, the undisputed evidence shows that Tollen was not terminated—she voluntarily resigned to avoid disciplinary charges,[56] and even if she were terminated, that action would be attributable to her employer, not to the Union.[57] Accordingly, the Union is also entitled to summary judgment on Tollen's ADA claim.

**D.    I decline to continue to exercise supplemental jurisdiction over Tollen's state-law claims and dismiss them.**

The disposal of Tollen's federal claims leaves only her two state-law contract claims over which I have been exercising supplemental jurisdiction.[58] Supplemental jurisdiction is a doctrine of discretion, not of right.[59] A federal district court may decline to exercise supplemental jurisdiction over state-law claims when it dismisses all claims over which it has original jurisdiction.[60] The decision whether to decline to continue to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) should be informed by the values of economy, convenience, fairness, and comity.[61]

Economy, convenience, and comity compel me to decline to continue to exercise supplemental jurisdiction over plaintiffs' remaining state-law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."[62] I see nothing unusual about this case and I therefore decline to exercise supplemental jurisdiction over Tollen's remaining claims

---

[55] ECF No. 14-1 at 116–17.

[56] ECF No. 14-1 at 207.

[57] ECF No. 14-1 at 9–10 (Tollen identifying the CCSD as her employer during all relevant times).

[58] *See* 28 U.S.C. §1367.

[59] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[60] *See* 28 U.S.C. § 1367(c).

[61] *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

[62] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

and I dismiss them without prejudice to their reassertion in state court.  I therefore deny defendants' motion for summary judgment on these claims as moot.

### Conclusion

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that the **defendant's motion for summary judgment [ECF No. 14] is GRANTED on claims one, two, and three and DENIED as moot on claims four and five.  Claims four and five are dismissed without prejudice under 28 U.S.C. § 1367(c)**.

The Clerk of Court is directed to enter judgment for defendant on claims one, two and three; dismiss all remaining claims without prejudice, and CLOSE THIS CASE.

Dated this 8th day of August, 2016

_____
Jennifer A. Dorsey
United States District Judge