UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bramby A. Tollen,<br><br>    Plaintiff<br><br>v.<br><br>Clark County Association of School Administration and Professional Employees,<br><br>    Defendant | 2:15-cv-01096-JAD-NJK<br><br>**Order Granting Motion for Attorney's Fees**<br><br>[ECF No. 42] |

Former Clark County School District ("CCSD") Administrator Bramby Tollen sued her former union, the Clark County Association of School Administration and Professional Employees, for breach of the duty of fair representation and related claims to redress her allegedly discriminatory reassignment, discharge, and ultimate loss of separation benefits.[1]  On August 8, 2016, I granted summary judgment for the Union on Tollen's federal-law claims, and I declined to continue to exercise supplemental jurisdiction over Tollen's remaining state-law claims, so I dismissed them without prejudice.[2]  The Union now moves for $58,341 in attorney's fees.[3]  I find that the Union is entitled to the fees that it requests, so I grant its motion and enter an amended judgment against Tollen for $58,341.[4]

**Background**

After Tollen resigned from her job as an administrator with the Clark County School District, she sued her former union for discrimination based on sex and religion under Title VII, age discrimination under the ADEA, wrongful termination under the ADA, breach of contract, and breach of the duty of fair representation.  The Union moved for summary judgment, arguing that all

---

[1] ECF No. 1.

[2] ECF No. 40.

[3] ECF No. 42.

[4] I find this matter suitable for disposition without oral argument.  L.R. 78-1.

of Tollen's claims either failed as a matter of law or lacked evidentiary support.[5]  Tollen—with the assistance of counsel—filed a five-page opposition and countermotion for a summary-judgment delay under Federal Rule of Civil Procedure 56(d).[6]

Based on the record before me, I had little trouble concluding that the Union was entitled to summary judgment on Tollen's federal-law claims.  I found that Tollen's Title VII, ADA, and ADEA claims all failed as a matter of law because she did not allege any facts to support them in her complaint, offer any admissible evidence from which a reasonable jury could find in her favor on them, or offer any points and authorities to meaningfully oppose the Union's summary-judgment challenge.[7]  I then declined to continue to exercise supplemental jurisdiction over Tollen's remaining state-law claims, so I dismissed them without prejudice and closed this case.

**Discussion**

**A.   Defendants are entitled to an award of attorney's fees because Tollen's action was frivolous.**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[8]  Title VII, the ADEA, and the ADA each contain fee-shifting provisions that allow district courts to award attorney's fees to the prevailing party.[9]  But attorney's fees in these types of cases should be awarded to a defendant only if the "plaintiff's action was frivolous, unreasonable, or without foundation."[10]  There is no subjective bad-faith requirement.  An action becomes frivolous when the result appears obvious or the arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard

---

[5] ECF No. 14 at 10.

[6] ECF No. 17.

[7] ECF No. 40 at 8–10.

[8] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[9] 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 12205; 29 U.S.C. § 626(b).

[10] *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).

at any point during the litigation, not just at the inception.[11]

Tollen's Title VII, ADEA, and ADA claims were frivolous, unreasonable, and without foundation. As I noted in my summary-judgment order, Tollen failed to plausibly allege these claims or offer any evidence to support them. And the undisputed evidence—which showed that Tollen was not terminated but voluntarily resigned—actually disproved Tollen's wrongful-termination theories.

The Union requests $58,341 in attorney's fees—the total fees it incurred defending this lawsuit since it began in June 2015. Tollen argues that the Union's motion should be denied because it failed to provide the information to support its request as required by Local Rule 54-14.[12] Alternatively, she argues that the fees requested are excessive, redundant, or otherwise unnecessary. She contends that the Union's summary-judgment challenge was "overkill" because it had a much less costly alternative: a Rule 12(b)(6) motion upon service of the complaint.[13] Tollen also contends that the 18 hours billed for preparing for her four-hour deposition were excessive,[14] that all block-billing entries should be denied or reduced,[15] and that some of the entries are duplicative of the fees requested by the Union in Tollen's related Nevada employee-management relations board (EMRB) action.[16] She does not seriously contend that her action was reasonable, just that fees should be denied.

---

[11] *Id.* at 422.

[12] ECF No. 46 at 1–6.

[13] *Id.* at 8–9. Throughout her opposition, Tollen characterizes this case as "pro se litigation" to support her argument that no fees should be awarded. *Id.* at 7. This contention is unsupported by the record. Tollen retained counsel to pursue this action. Tollen's complaint was filed by counsel. ECF No. 1. That counsel represented Tollen through the early neutral case evaluation and discovery and withdrew only after filing an opposition to the Union's summary-judgment motion. ECF No. 29. Tollen then retained current counsel to oppose the Union's motion for attorney's fees.

[14] ECF No. 46 at 11.

[15] *Id.* at 12–13.

[16] *Id.* at 15–17.

**B.      The Union's requested attorney's fees are reasonable.**

"The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."[17]  At the outset, the Union's motion, supporting affidavit, and reply brief provide sufficient information from which I can glean the information required under Local Rule 54-14.  This information, combined with my personal knowledge and experience in the prevailing market standards in this community and the statutes under which Tollen's claims were brought, allows me to determine whether the fees requested are reasonable under the circumstances in this case.

At the outset, I find that the Union's counsel's hourly rates are reasonable.  Defense counsel's hourly rates of $275–290 (associate) and $350–360 (partner) for its ERISA and employee-benefits practice group are reasonable in light of the complexity of this case (which included five claims under three federal statutes and Nevada common law), the attorneys' experience and reputation, and the customary litigation fees for defending similar claims in this community.

I also find that the hours expended are reasonable.  The Union submits an attorney declaration and 29 pages of billing records for the work performed in this case.  The Union's fees are not excessive simply because the Union elected to answer Tollen's complaint, proceed with discovery, and file a summary-judgment motion rather than a motion to dismiss the complaint.  And 78.6 hours to prepare the Union's summary-judgment motion, reply, and opposition to Tollen's countermotion for a summary-judgment delay—briefs totaling 50 pages and including 43 exhibits spanning 365 pages—is not excessive.  I also find that 18 hours to prepare for Tollen's deposition—on whose testimony most of her claims would hinge—and which included assembling and reviewing the supporting documents, is reasonable.  Finally, the fees requested in this case are not duplicative of the fees requested in Tollen's ill-fated EMRB action.[18]  Even if they were, she

---

[17] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)

[18] In its reply, the Union clarifies that it sought $49,942 in the EMRB action and that many tasks were attributable to both actions, making the redaction of invoices difficult.  Tollen's alleged duplicative fees are only $2,270, and the Union represents that the complained-of entries are not duplicative.  ECF Nos. 48, 48-1 at 56.

admits in her motion that the EMRB declined to award the Union any of the fees requested in that case.[19]  Though the record reflects that the Union has filed a motion for reconsideration of the board's denial of fees, it appears that, to date, no fees have been awarded in that case.  So I decline to deny the Union's request for fees on that basis.

      I am also unpersuaded by Tollen's argument that all of the Union's fees for block-billed entries should be reduced.  Tollen is correct that the Ninth Circuit Court of Appeals has held that a district court may reduce hours that are billed in block format because the fee applicant bears the burden of documenting the hours worked and block billing makes it more difficult to determine how much time was spent on a particular activity.[20]  The record reflects that the Union's counsel listed between three to five tasks on entries totaling 37.40 hours and $9,947.50 in fees.[21]  But the largest block-billed amount of time is only 3.30 hours, and eleven of the fourteen complained-of entries are less than one hour.  Having carefully reviewed the Union's billing records, I am able to reasonably determine how much time was spent on particular activities.  Because I find that it was reasonable under the circumstances, I decline to decrease the award requested for those items.  I therefore grant the Union's motion for attorney's fees, and I award the full $58,341 it requests.

## Conclusion

      Accordingly, IT IS HEREBY ORDERED that the Union's motion for attorney's fees **[ECF No. 42] is GRANTED; the Union is awarded $58,341 in fees.**

      Dated this 2nd day of December, 2016.

                                                Jennifer A. Dorsey
                                                  United States District Judge

---

[19] ECF No. 46-1 at 9–13.

[20] *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

[21] ECF No. 481 at 58–83; ECF No. 46 (summary of block-billed charges in opposition).